UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW D. THOMAS,

    Defendant.

_____/

Case No. 19-20681

Honorable Nancy G. Edmunds

**ORDER DENYING MOTION TO CORRECT JUDGMENT [63]**

Defendant Matthew D. Thomas pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and production of child pornography, in violation of 18 U.S.C. § 2251(a). (ECF No. 45.) On October 27, 2021, the Court sentenced Defendant to a 288-month cumulative term of imprisonment to be followed by eight years of supervised release. (ECF No. 59.) Defendant was ordered to pay $200 in special assessment fees, and a $5,000 per count assessment under the Justice for Victims of Trafficking Act ("JVTA"), codified at 18 U.S.C. § 3014. (*Id.*) Before the Court is Defendant's Motion to Correct the Judgment in which he asks the Court to remove the JVTA assessment based on Defendant's claimed indigence. (ECF No. 63.)

Motions to correct a judgment, in the criminal context, are brought under Federal Rule of Criminal Procedure 36. Rule 36 permits a Court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Court's inclusion of the $5,000 per count JVTA assessment in Defendant's Judgment and Commitment Order was neither clerical error nor oversight. Under the JVTA, courts must impose a $5,000

1

assessment against non-indigent persons convicted of five classes of crimes, including crimes related to the sexual exploitation of children. 18 U.S.C. § 3014(a)(3). In Defendant's Presentence Investigation Report, the Probation Department opined that "it does not appear the defendant would have the ability to make payments toward a fine or costs of incarceration or supervision in this case," but also stated it did "appear[ ] the defendant may have the ability to make nominal payments toward any Court-ordered restitution during any Court-ordered term of supervised release." (ECF No. 47, PageID.171-72.) The Court therefore intended to include this assessment, and did so after informing Defendant of his obligation during his sentencing hearing. (ECF No. 62, PageID.420.) Defendant did not object to the JVTA assessment at his sentencing, and he did not file an appeal. (*See* ECF No. 62.)

Because the inclusion of the $5,000 per count JVTA assessment was not clerical error or mistake under Rule 36, the Court DENIES Defendant's Motion to Correct the Judgment.[1] (ECF No. 63.)

SO ORDERED.

    s/ Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated: December 16, 2022

---

[1] Even if the Court were to treat the motion as one filed under Rule 59 of the Federal Rules of Civil Procedure, Defendant's motion would be denied as time-barred. *See* Fed. R. Civ. P. 59(e). Rule 59 allows a motion to alter or amend a judgment in a civil case to be filed "no later than 28 days after the entry of judgment." *Id.* Here, Defendant filed the present motion on January 18, 2022, almost three months after judgment was entered on October 28, 2021. (*See* ECF Nos. 59, 63.)

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 16, 2022, by electronic and/or ordinary mail.

        s/ Lisa Bartlett
        Case Manager